## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| SUE LICH, as the Personal Representative of the ESTATE OF MARSHAL R. CARMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARION COUNTY SHERIFF'S DEPARTMENT, MARION COUNTY, TERRY J. SMITH, ERIC L. McCREARY, JOHN DOE DEFENDANT, ANONYMOUS HEALTHCARE PROVIDER, DANIEL MOORELAND, DANELL OLSON, ANONYMOUS HEALTHCARE WORKER 1, ANONYMOUS HEALTHCARE WORKER 2, LINDA O'MALLEY, and JANE DOE DEFENDANT,<br><br>    Defendants. | CASE NO. 1:16-cv-2111<br><br><br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff, Sue Lich, on behalf of the Estate of Marshal R. Carman, by counsel, for her Complaint against Defendants, respectfully alleges and states as follows:

1.    On or about September 24, 2014, Marshal R. Carman died while in the custody of the Marion County Sheriff's Department and housed in the Marion County Jail, awaiting trial.

2.    This is a civil rights action brought by the Estate of Marshal R. Carman, who died at the Marion County Jail due to the deliberate indifference of the Marion County Sheriff's Department, Marion County, and one or more governmental officials responsible for his protection and care.

3.     This is also a medical malpractice action brought by the Estate of Marshal R. Carman against Anonymous Healthcare Provider stemming from medical treatment provided to Marshal Carman while incarcerated at the Marion County Jail.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the United States Constitution for claims against the Marion County Sheriff's Department and Marion County.

5.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims against Anonymous Healthcare Provider because the medical malpractice claims are so related to the claims against the other Defendants that the medical malpractice claims form part of the same case or controversy.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b), which allows an action to be brought in the district where the Defendants reside or in which the cause of action arose. The Defendants reside in this district and all of the events occurred in this district, making it the proper venue.

## PARTIES

7.     The decedent, Marshal Carman, was a resident of Indiana at the time of his death. Sue Lich has been appointed as Personal Representative of Marshal R. Carman's estate, which has been opened in the Marion Superior Court under cause number 49D08-1410-EU-033637.

8.     Defendants Marion County Sheriff's Department and Marion County

at all times relevant to this action operated and maintained the Marion County Jail, which is located in Indianapolis, Indiana.

9.     On or about September 24, 2014, Eric L. McCreary, was a deputy with the Marion County Sheriff's Department, who worked at the Marion County Jail.

10.     On or about September 24, 2014, Terry J. Smith, was a deputy with the Marion County Sheriff's Department, who worked at the Marion County Jail.

11.     On or about September 24, 2014, JOHN DOE DEFENDANT,[1] was a deputy with the Marion County Sheriff's Department, who worked at the Marion County Jail.

12.     Defendant Anonymous Healthcare Provider at all relevant times was a qualified healthcare provider pursuant to Ind. Code § 34-18-1-1 *et seq.*, that provided medical care to incarcerated persons at the Marion County Jail.

13.     Daniel Mooreland was employed by Anonymous Healthcare Provider at all relevant times, who provided medical care to Marshal Carman while he was incarcerated at the Marion County Jail.

14.     Danell Olson was employed by Anonymous Healthcare Provider at all relevant times, who provided medical care to Marshal Carman while he was incarcerated at the Marion County Jail.

---

[1]   The identity of JOHN DOE DEFENDANT is not presently known, but he is described with particularity herein and is readily identifiable by the other Defendants in this case. Moore v. Hill, No. 16-cv-00261-MJR, 2016 U.S. Dist. LEXIS 49731, at *7 (S.D. Ill. Apr. 13, 2016) ("Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants." *Id.* (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009)).

15.    Anonymous Healthcare Worker 1[2] was employed by Anonymous Healthcare Provider at all relevant times, who provided medical care to Marshal Carman while he was incarcerated at the Marion County Jail.

16.    Anonymous Healthcare Worker 2 was employed by Anonymous Healthcare Provider at all relevant times, who provided medical care to Marshal Carman while he was incarcerated at the Marion County Jail.

17.    Linda O'Malley was employed by Anonymous Healthcare Provider at all relevant times, who provided medical care to Marshal Carman while he was incarcerated at the Marion County Jail.

18.    JANE DOE DEFENDANT[3] who was employed by Anonymous Healthcare Provider at all relevant times, who provided medical care to Marshal Carman while he was incarcerated at the Marion County Jail.

## FACTUAL BACKGROUND

19.    Marshal Carman was an incarcerated person in the custody of the Marion County Sheriff's Department from approximately September 19, 2014 until his death on September 24, 2014.

20.    In the early morning hours of September 24, 2014, Marshal Carman entered a state of medical distress.

---

[2]   Although Plaintiff does not bring claims directly against Anonymous Healthcare Worker 1 and 2 for medical malpractice, because each appears that she may be constitute a qualified healthcare provider pursuant to the Indiana Medical Malpractice Act, out of an abundance of caution to the procedural technicalities of the Act and with due respect for the privacy of certain qualified healthcare providers, Plaintiff has named them here as Anonymous Healthcare Worker 1 and 2 as Defendants, rather than using their actual identities.

[3]   As with JOHN DOE DEFENDANT, the identity of JANE DOE DEFENDANT is not presently known, but she is described with particularity herein and is readily identifiable by the other Defendants in this case.

21.   By approximately 4:00 AM, Marshal Carman was lying motionless, facedown, and naked on the floor of his cell, with a portion of his body under his cot. The entirety of Marshal Carman's legs and much of his upper torso were clearly visible, sprawled upon the floor of his cell.

22.   Marshal Carman remained in this position for more than an hour, while in a state of obvious and emergency medical distress.

23.   Marshal Carman was in a segregated cell block requiring extra attention and inspection.

24.   While Marshal Carman was in the position described above, Defendants Eric McCreary and Terry J. Smith made numerous rounds through the cellblock.

25.   Marshal Carman was visible to McCreary and Smith when they did their rounds.

26.   Smith passed by Marshal Carman's cell at least three times, at approximately 4:18 AM, 4:44 AM, and 5:03 AM, without taking any action to help Marshal Carman.

27.   Finally, at approximately 5:18 AM, Smith, who had made the prior three rounds alone, returned with JOHN DOE DEFENDANT, and looked into Marshal Carman's cell from an elevated vantage point. Marshal Carman had remained in the same position for over an hour.

28.   At approximately 5:20 AM, Terry Smith and JOHN DOE DEFENDANT entered Marshal Carman's cell. Terry Smith and JOHN DOE

DEFENDANT failed to assess Marshal Carman's condition, his need for medical care, or level consciousness. Instead, after a few minutes, Terry Smith and JOHN DOE DEFENDANT lifted Marshal Carman by his extremities and placed him facedown on his cot, still nude in his cell without a sheet to cover him. Terry Smith and JOHN DOE DEFENDANT then left and closed the cell at approximately 5:23 AM.

29.     Terry Smith and JOHN DOE DEFENDANT did not summon medical assistance.

30.     Terry Smith and JOHN DOE DEFENDANT did not assess the medical condition of Marshal Carman.

31.     Marshal Carman never left the cot again under his own force.

32.     Marshal Carman remained, still in a state of medical distress and nude, atop his cot for more than an hour before another guard would interact with him directly.

33.     At approximately 6:37 AM, Two unidentified jail guards placed a tray of food at Marshal Carman's cell, but neither opened the cell nor did they check on Marshal Carman.

34.     The tray of food sat untouched until approximately 7:02 AM, when the two unidentified jail guards returned to collect the tray. At that point, the two unidentified jail guards finally attempted to determine whether Marshal Carman was conscious.

35.     From approximately 7:03 AM until 7:06 AM, the two unidentified jail

guards attempted to rouse Marshal Carman from outside the cell.

36.     At approximately 7:07 AM, the two unidentified jail guards entered the cell and discovered Marshal Carman was unresponsive and not breathing. At that point, the two unidentified jail guards withdrew from the cell and the door was closed. The two unidentified jail guards summoned medical assistance.

37.     By approximately 7:25 AM, Marshal Carman was declared dead.

38.     The following day, September 25, 2014, the Marion County Coroner's Office declared the cause of death to be from idiopathic hypertrophic cardiomyopathy.

39.     At the time of his death, Marshal Carman was twenty-nine years old.

40.     At the time of his death, Marshal Carman was a pretrial detainee held in custody at the Marion County Jail while awaiting trial.

41.     At the time of his incarceration, Marshal Carman was on prescribed medications for anxiety. Marshal Carman informed agents of the Marion County Sheriff's Department and/or agents of Anonymous Healthcare Provider of his need for his medications. Nevertheless, Marshal Carman was refused his medications or any comparable medical care.

42.     On September 22, 2014, a day and a half before his death, Marshal Carman presented to JANE DOE DEFENDANT.

43.     Despite Marshal Carman's complaint of chest pains, which was recorded by a deputy of the Marion County Sheriff's Department, the medical report by JANE DOE DEFENDANT checks the box "No" under "Chest Pain."

7

44.     Marshal Carman did not receive adequate medical care.

45.     The care for Marshal Carman by JANE DOE DEFENDANT and others fell below the standard of care.

46.     Marshal Carman left behind two minor dependent children.

**COUNT I**
**WRONGFUL DEATH**

47.     Plaintiff incorporates all allegations of this Complaint as if fully set forth below.

48.     Notice of Tort Claim, pursuant to Ind. Code ch. 34–13–3, was timely served on all parties required under the Indiana Tort Claims Act.

49.     Marion County, the Marion County Sheriff's Department, Terry J. Smith, Eric L. McCreary, and JOHN DOE DEFENDANT owed a duty to Marshal R. Carman to take reasonable precautions to preserve his life, health, and safety.

50.     Marshal Carman was in a visible state of medical distress for more than an hour.

51.     Defendants, either directly or through their agents, knew or should have known that Marshal Carman required immediate medical care and assistance.

52.     As a direct and proximate result of the wrongful acts and omissions described above, Defendants' breached their duties to Marshal Carman by failing to timely provide him medical care and assistance.

53.     As a direct and proximate result of the wrongful acts and omissions described above, the Estate of Marshal R. Carman suffered great losses and seeks to recover for the wrongful death of Marshal Carman, including recovery of medical,

funeral, and burial expenses, expenses incurred in the administration of the

decedent's estate, the loss of love, care, and affection to his loved ones, reasonable

attorneys' fees and costs pursuing this action, and all other damages allowed by

state and federal law.

## COUNT II
## CLAIM UNDER 42 U.S.C. § 1983 AGAINST
## TERRY J. SMITH, ERIC L. McCREARY & JOHN DOE DEFENDANT

54.     Plaintiff incorporates all allegations of this Complaint as if fully set

forth below.

55.     The above-detailed failures and actions (or inactions) of Terry J.

Smith, Eric L. McCreary, and JOHN DOE DEFENDANT violated Marshal

Carman's Fourteenth Amendment Due Process rights.

56.     Under the Fourteenth Amendment right to due process, pretrial

detainees are entitled to "at least as much, and probably more, protection" as

convicted criminals under Eighth Amendment. *Forrest v. Prine*, 620 F.3d 739, 744

(7th Cir. 2010); *Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013).

57.     On the morning of September 24, 2014, Marshal Carman exhibited

apparent and obvious symptoms of acute medical distress, requiring immediate

medical attention.

58.     Marshal Carman's medical needs on the morning of September 24,

2014 were so obvious that a lay person would easily recognize the necessity for a

doctor's attention.

59.     Both Terry J. Smith and Eric L. McCreary saw or should have seen

Marshal Carman naked, facedown on the floor of his cell, partially under his cot.

60.     Both Terry J. Smith and Eric L. McCreary passed Marshal Carman in this condition several times without taking any action to assist him.

61.     Even after Terry J. Smith and JOHN DOE DEFENDANT decided to enter Marshal Carman's cell, they did not summon medical care or even determine whether Marshal Carman was conscious, alert, or even able to stand. Instead, they dragged him into his cot, leaving him facedown, naked, and uncovered.

62.     The acts and omissions of Terry J. Smith, Eric L. McCreary, and JOHN DOE DEFENDANT were sufficiently harmful to evidence deliberate indifference to the serious medical needs of Marshal Carman.

63.     The acts and omissions of Terry J. Smith, Eric L. McCreary, and JOHN DOE DEFENDANT were both the proximate cause and the cause in fact of the death of Marshal Carman

64.     Terry J. Smith, Eric L. McCreary, and JOHN DOE DEFENDANT are liable under 42 U.S.C. § 1983 for their actions in depriving Marshal Carman of the rights, privileges, and immunities secured to him by the Fourteenth Amendment to the United States Constitution.

### COUNT III
### MEDICAL MALPRACTICE
### AGAINST ANONYMOUS HEALTHCARE PROVIDER

65.     Plaintiff incorporates all allegations of this Complaint as if fully set forth below.

66.     At all relevant times, Anonymous Healthcare Provider, was a qualified

healthcare provider pursuant to Ind. Code § 34-18-1-1 *et seq*.

67.    At all relevant times, there was a patient relationship between agents of Anonymous Healthcare Provider, and Marshal Carman.

68.    At all relevant times, Anonymous Healthcare Provider, employed medical personnel who provided medical and/or nursing care and services to Marshal Carman.

69.    Despite their knowledge of Marshal Carman's regular use of lawfully prescribed medications, employees of Anonymous Healthcare Provider failed and refused to provide Marshal Carman with any medications, causing severe withdrawal symptoms for the entirety of his confinement at the Marion County Jail from on or about September 19, 2014 until his death on or about September 24, 2014.

70.    On or about September 22, 2014, Marshal Carman was an inmate at the Marion County Jail, awaiting trial.

71.    On or about September 22, 2014, a third-party witness confirms in a jail report that an agent of Anonymous Healthcare Provider performed a medical evaluation of Marshal Carman, in which Marshal Carman informed the agent that he was experiencing chest pains.

72.    Anonymous Healthcare Provider was careless and negligent in its care and treatment of Marshal Carman.

73.    Indeed, the agent of Anonymous Healthcare Provider subsequently checked a box on a medical form indicating that there was no chest pain, and

Carman otherwise received no meaningful evaluation or treatment for his chest pains.

74.    As a direct and proximate result of the Anonymous Healthcare Provider's carelessness and negligence, Marshal Carman was harmed.

75.    Marshal Carman died approximately one and one-half days later of undiagnosed idiopathic hypertrophic cardiomyopathy.

76.    As a result of Anonymous Healthcare Provider's negligence and other wrongful acts, the Estate of Marshal R. Carman suffered great losses and seeks to recover for the wrongful death of Marshal Carman, including recovery of medical, funeral, and burial expenses, expenses incurred in the administration of the decedent's estate, the loss of love, care, and affection to his loved ones, reasonable attorneys' fees and costs pursuing this action, and all other damages allowed by state and federal law.

77.    Prior to or contemporaneous with filing this Complaint in a court of law, the Estate of Marshal R. Carman timely filed a proposed complaint with the Indiana Department of Insurance.

### COUNT IV
### CLAIM UNDER 42 U.S.C. § 1983 AGAINST
### MARION COUNTY SHERIFF'S DEPARTMENT & MARION COUNTY

78.    Plaintiff incorporates all allegations of this Complaint as if fully set forth below.

79.    At the time he was incarcerated at the Marion County Jail, Marshal Carman was lawfully prescribed medications for anxiety.

80.     While incarcerated, Marshal Carman informed officials at the Marion County Jail on numerous occasions of his prescriptions and need for his medication.

81.     Due to either an express policy or a widespread practice and custom of the Marion County Sheriff's Department and Marion County of not timely and adequately providing prescription medications to inmates of the Marion County Jail, Marshal Carman was refused his medication for the entire time he was incarcerated at the Marion County Jail (from on or about September 19, 2014 until his death on or about September 24, 2014).

82.     The refusal to provide Marshal Carman with his prescribed medications was a contributing factor in his death.

83.     The refusal to provide Marshal Carman with his prescribed medications was a violation of his rights secured to him by the Fourteenth and Eighth Amendments of the Constitution of the United States of America.

84.     The Marion County Sheriff's Department and Marion County are liable under 42 U.S.C. § 1983 for their actions in depriving Marshal Carman of his constitutional rights, privileges, and immunities.

## COUNT V
## CLAIM UNDER 42 U.S.C. § 1983 AGAINST
## ANONYMOUS HEALTHCARE PROVIDER

85.     Plaintiff incorporates all allegations of this Complaint as if fully set forth below.

86.     Marion County and/or the Marion County Sheriff's Department contracts with Anonymous Healthcare Provider to provide medical and psychiatric

care to inmates of the Marion County Jail.

87.     Anonymous Healthcare Provider is the source of the only medical care that Marshal Carman could access as an inmate of the Marion County Jail.

88.     Anonymous Healthcare Provider is a state actor acting under the color of law in its capacity as a medical care provider at the Marion County Jail.

89.     At the time he was incarcerated at the Marion County Jail, Marshal Carman was lawfully prescribed medications for anxiety.

90.     While incarcerated, Marshal Carman informed agents of Anonymous Healthcare Provider on numerous occasions, including as early as his initial mental health evaluation on the date he was first confined, of his prescriptions and need for his medication.

91.     Due to either an express policy or a widespread practice and custom of Anonymous Healthcare Provider of not timely and adequately providing prescription medications to inmates of the Marion County Jail, Marshal Carman was refused his medication for the entire time he was incarcerated at the Marion County Jail (from on or about September 19, 2014 until his death on or about September 24, 2014).

92.     The refusal to provide Marshal Carman with his prescribed medications was a contributing factor in his death.

93.     The refusal to provide Marshal Carman with his prescribed medications was a violation of his rights secured to him by the Fourteenth and Eighth Amendments of the Constitution of the United States of America.

94.     Anonymous Healthcare Provider is liable under 42 U.S.C. § 1983 for its actions in depriving Marshal Carman of his constitutional rights, privileges, and immunities.

**COUNT VI**
**CLAIM UNDER 42 U.S.C. § 1983 AGAINST**
**DANIEL MOORELAND, DANELL OLSON,**
**ANONYMOUS HEALTHCARE WORKER 1,**
**ANONYMOUS HEALTHCARE WORKER 2, AND LINDA O'MALLEY**

95.     Plaintiff incorporates all allegations of this Complaint as if fully set forth below.

96.     Marion County and/or the Marion County Sheriff's Department contracts with Anonymous Healthcare Provider to provide medical and psychiatric care to inmates of the Marion County Jail.

97.     Anonymous Healthcare Provider is the source of the only medical care that Marshal Carman could access as an inmate of the Marion County Jail.

98.     Anonymous Healthcare Provider is a state actor acting under the color of law in its capacity as a medical care provider at the Marion County Jail.

99.     Daniel Mooreland, Danell Olson, Anonymous Healthcare Worker 1, Anonymous Healthcare Worker 2, and Linda O'Malley are employees of Anonymous Healthcare Provider who provided medical care to Marshal Carman at all times relevant while he was incarcerated at the Marion County Jail.

100.     At the time he was incarcerated at the Marion County Jail, Marshal Carman was lawfully prescribed medications for anxiety.

101.     While incarcerated, Marshal Carman informed Daniel Mooreland,

Danell Olson, Anonymous Healthcare Worker 1, Anonymous Healthcare Worker 2, and Linda O'Malley on numerous occasion of his prescriptions and need for his medication.

102.    On or about September 19, 2014, Marshal Carman informed Daniel Mooreland of his prescriptions and need for his medication.

103.    On or about September 19, 2014, Marshal Carman informed Danell Olson of his prescriptions and need for his medication.

104.    On information and belief, on or about September 20, 2014, Marshal Carman informed Anonymous Healthcare Worker 1 and Anonymous Healthcare Worker 2 of his prescriptions and need for his medication.

105.    On information and belief, on or about September 22, 2014, Marshal Carman informed JANE DOE DEFENDANT of his prescriptions and need for his medication.

106.    On or about September 22 and 23, 2014, Marshal Carman informed Linda O'Malley of his prescriptions and need for his medication.

107.    Daniel Mooreland, Danell Olson, Anonymous Healthcare Worker 1, Anonymous Healthcare Worker 2, and Linda O'Malley each acted with deliberate indifference to the medical needs of Marshal Carman by failing to address his known medical needs by refusing him his prescribed medications.

108.    The refusal to provide Marshal Carman with his prescribed medications was a contributing factor in his death.

109.    The refusal to provide Marshal Carman with his prescribed

medications was a violation of his rights secured to him by the Fourteenth and Eighth Amendments of the Constitution of the United States of America.

110.   Daniel Mooreland, Danell Olson, Anonymous Healthcare Worker 1, Anonymous Healthcare Worker 2, and Linda O'Malley are liable under 42 U.S.C. § 1983 for their actions in depriving Marshal Carman of his constitutional rights, privileges, and immunities.

**COUNT VII**
**CLAIM UNDER 42 U.S.C. § 1983 AGAINST**
**JANE DOE DEFENDANT**

111.   Plaintiff incorporates all allegations of this Complaint as if fully set forth below.

112.   Marion County and/or the Marion County Sheriff's Department contracts with Anonymous Healthcare Provider to provide medical and psychiatric care to inmates of the Marion County Jail.

113.   Anonymous Healthcare Provider is the source of the only medical care that Marshal Carman could access as an inmate of the Marion County Jail.

114.   Anonymous Healthcare Provider is a state actor acting under the color of law in its capacity as a medical care provider at the Marion County Jail.

115.   JANE DOE DEFENDANT is an employee of Anonymous Healthcare Provider who provided medical care to Marshal Carman on or about September 22, 2014.

116.   On or about September 22, 2014, Marshal Carman informed JANE DOE DEFENDANT that he was experiencing chest pain.

17

117.    JANE DOE DEFENDANT failed to address the medical needs of Marshal Carman when he presented with chest pain.

118.    JANE DOE DEFENDANT acted with deliberate indifference to the medical needs of Marshal Carman by failing to address his known medical needs.

119.    The deliberate indifference shown toward Marshal Carman's complaint of chest pain was a contributing factor in his death.

120.    The deliberate indifference shown toward Marshal Carman's complaint of chest pain was a violation of his rights secured to him by the Fourteenth and Eighth Amendments of the Constitution of the United States of America.

121.    JANE DOE DEFENDANT is liable under 42 U.S.C. § 1983 for their actions in depriving Marshal Carman of his constitutional rights, privileges, and immunities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an entry of judgment in his favor, including an award of all available common-law and statutory damages and restitution, pre-and post-judgment interest, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of her claims.


Respectfully submitted,

/s/ *Eric S. Pavlack*
Eric S. Pavlack
PAVLACK LAW, LLC

18

255 N. Alabama Street, Suite 301
Indianapolis, IN 46204
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*